UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT PETROPOULOS, II,

    Plaintiff,

v.

                                CASE NO.

TDC PROPERTY BOYLSTON, LLC and
TAVISTOCK RESTAURANTS UPSCALE
GROUP HOLDINGS, LLC,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Robert Petropoulos, II, by and through his undersigned counsel, hereby sues the Defendants, TDC PROPERTY BOYLSTON, LLC and TAVISTOCK RESTAURANTS UPSCALE GROUP HOLDINGS, LLC, for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and the Massachusetts Public Accommodations Act, Mass. Gen. Laws. ch. 272 §98 and for damages pursuant to the Massachusetts Public Accommodations Act, Mass. Gen. Laws. ch. 272 §98 and in support thereof states as follows:

## **JURISDICTION**

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. §1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

This Court also has supplemental jurisdiction over the state law claims at issue pursuant to 28 U.S.C. §1367.

## VENUE

2. Venue lies in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the property that is the subject of this action is situated in this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, Robert Petropoulos, II, a lifelong Massachusettsan, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, namely, walking, due to suffering a series of cardiac arrests which resulted in an anoxic brain injury. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendants are compelled to remove the physical barriers to access and cure the substantive ADA violations that exist at the Property, including but not limited to those set forth in this Complaint. Plaintiff intends to return to the Property soon

(within 30 days) to avail himself of the goods and services offered to the public at the Property and/or to test the Property for compliance with ADA.

4.  Defendants transact business in this judicial district within the Commonwealth of Massachusetts, by, inter alia, being the owner and operator of the Property, a commercial building (including the adjoining grounds servicing the commercial building) located at 793 Boylston Street in Boston, Massachusetts housing a restaurant and bar known as Abe & Louie's.

## COUNT I
## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.  Plaintiff realleges and incorporates paragraphs 1-4 above herein.

6.  On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

7.  Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA was January 26, 1992 (or

January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

8. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

9. The Property is a place of public accommodation pursuant to the ADA.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Suarez-Torres v. Panaderia y Resposteria Espana, Inc.*, 988 F.3d 542, 550 (1st Cir. 2021), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

11. During July, 2022 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disability due to the

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards". 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

physical barriers to access, dangerous conditions and ADA violations as well as Defendants' discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

12. Plaintiff intends to visit the Property again in the near future (within 30 days) in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property and/or to test the Property for its compliance with the ADA, but he will be unable to do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations as well as Defendants' discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including, but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

13. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants

implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all physical barriers relevant to Plaintiff's disability that exist at the Property, including but not limited to those set forth in this Complaint, thus making the Property accessible to Plaintiff, as required by the ADA.

14. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Property. Defendants contribute to Plaintiff's sense of isolation and segregation by the continued operation of the Property with discriminatory conditions.

15. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, includes (the applicable STANDARDS sections are also denoted[2]):

a) Non-compliant maneuvering space at the entrance to Abe & Louie's (main door) due to excessive slopes (in violation of STANDARDS 206, 402 and 404);

b) Non-compliant maneuvering space at the entrance to Abe & Louie's main door and interior vestibule door due to non-compliant side approach and non-compliant distance between two doors in a series (in violation of STANDARDS 206, 302, 402, 403 and 404);

---

[2] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

c)  Non-compliant interior routes and ramps inside Abe & Louie's due, in part, to lack of handrails on the interior ramps (in violation of STANDARDS 206, 402, 403, 404 and 405);

d)  Non-compliant disabled person seating spaces, dining surfaces and bar in the interior bar area of Abe & Louie's (in violation of STANDARDS 226 and 902);

e)  Non-compliant disabled person seating spaces and dining surfaces at the exterior patio area of Abe & Louie's due to lack of required clear floor space at tables and excessive slopes of patio area (in violation of STANDARDS 226, 902 and 305) and

f)  Non-compliant men's restroom in Abe & Louie's due to non-compliant grab bars, lack of maneuvering space at the interior stall door and non-compliant sink (in violation of STANDARDS 604.5, 404 and 606).

16. The above listing is not intended to be an all-inclusive list of the barriers, conditions and violations of the ADA encountered by Plaintiff and existing at the Property. Although the above listing, in and of itself, denied Plaintiff, due to his disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA, Plaintiff requires a full and complete inspection of the Property; with full access thereto, in order to determine all of Defendants' discriminatory acts violating the ADA relevant to Plaintiff's disability.

17. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

18. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations as well as their discriminatory policies towards the disabled that exist at the Property, including but not limited to those set forth herein.

19. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff to the full extent required by the ADA.

WHEREFORE, Plaintiff, Robert Petropoulos, II, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering them to implement policies, consistent with the ADA, to accommodate the disabled and to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by

8

Plaintiff to the full extent required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II
## CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE MASSACHUSETTS PUBLIC ACCOMMODATIONS ACT

21. Plaintiff realleges and incorporates paragraphs 1-18 above herein.

22. Plaintiff is a physically disabled individual, is a qualified individual under the Massachusetts Public Accommodation Laws and is a member of a protected class under Mass. Gen. Laws. ch. 272, §98.[3]

23. Plaintiff was denied participation and benefits in Defendants' services, programs, and activities and was otherwise discriminated against by Defendants due to the ADA violations listed above at the Property.

24. Plaintiff was denied participation and benefits in Defendants' services, programs and activities and experienced discrimination because he is a physically disabled person.

25. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, pursuant to Mass. Gen. Laws. ch. 151B, §§5 and 9.

---

[3] Pursuant to *Peters v. Boston Props,* 2021 Mass. Super. LEXIS 373*; 2021 WL 3493907 and *Capodicasa v. Town of Ware,* 2018 U.S. Dist. LEXIS 139786*, Plaintiff is not required to proceed first before the Massachusetts Commission Against Discrimination and exhaust his administrative remedies when alleging discrimination in a place of public accommodation.

26. Pursuant to Mass. Gen. Laws. ch. 151B, §§5 and 9, this Court is provided with authority to grant injunctive relief and damages to Plaintiff, including an Order compelling Defendants to implement policies to accommodate the disabled, by requiring Defendants to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff, and awarding Plaintiff damages, reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

WHEREFORE, Plaintiff, Robert Petropoulos, II, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies to accommodate the disabled, through requiring Defendants to remove the physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff, and awarding Plaintiff damages, reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Lee D. Sarkin
LEE D. SARKIN
BBO No. 710006
2 Burlington Woods Drive
Suite 100
Burlington, Ma. 01803
(781) 222-4032
E-mail: LSarkin@aol.com
Attorney for Plaintiff
